**B2400A/B ALT (Form 2400A/B ALT) (12/15)**

---

☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
(Check box as directed in Part D: Debtor's Statement
in Support of Reaffirmation Agreement.)

---

## UNITED STATES BANKRUPTCY COURT

SOUTHERN _____ **District of** MISSISSIPPI _____

In re  JESSICA M J SCARBROUGH _____ ,  Case No. 26-00187-KMS _____
                          Debtor  Chapter 07 _____

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and  ☒ Part D: Debtor's Statement in
  Notice to Debtor (pages 1 - 5)  Support of Reaffirmation Agreement

☒ Part B: Reaffirmation Agreement  ☐ Part E: Motion for Court Approval

☒ Part C: Certification by Debtor's Attorney

*[**Note:** Complete Part E only if debtor was not represented by an attorney during
the course of negotiating this agreement. **Note also:** If you complete Part E, you must
prepare and file Form 2400C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:** SOUTHERN FINANCE,LLC. _____

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the
Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

### 1.  DISCLOSURE STATEMENT

***Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:***

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:  $ 2200.00 _____

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have
accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional
amounts which may come due after the date of this disclosure. Consult your credit agreement.*

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                    2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

a.  If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i)  The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement:  34.18  %.

*— And/Or —*

(ii)  The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

b.  If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i)  The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

--- And/Or ---

(ii)  The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%.  If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

Doc ID: 01ca8072475c667fb89683130f8f0fd31cde02f0

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                    3

S _____ ℅ _____ ℅
S _____ ℅ _____ ℅
S _____ ℅ _____ ℅

c.  If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

d.  If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

Item or Type of Item                          Original Purchase Price or Original Amount of Loan

_Optional_—At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:

Repayment Schedule:

Your first payment in the amount of $_____ is due on _____(date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— Or —

Your payment schedule will be: __88__ (number) payments in the amount of $ 25.00 each, payable (monthly, annually, weekly, etc.) on the __15th__ (day) of each MONTH ( week, month, etc.), unless altered later by mutual agreement in writing Debtor to pay$2200 to Southern Finance,LLC, by paying $25 per month starting on or before March 15,2026. Debtor shall be deemed in default if debtor becomes more than thirty days past due on any payment.If debtor defaults,the original terms of the disclosure statement,promissory note and security agreement on which this debt is based dated August 1,2025shall be reinstated and that promissory note will determine the amount owed Debtor will receive credit for all payments regardless of source.
A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

## 2.  INSTRUCTIONS AND NOTICE TO DEBTOR

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                    4

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If the creditor is not a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. If the creditor is a Credit Union and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                    5

## YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

_What are your obligations if you reaffirm the debt?_ A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

_Are you required to enter into a reaffirmation agreement by any law?_ No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

_What if your creditor has a security interest or lien?_ Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                    6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

Borrower:                                          Accepted by creditor:

Jessica M J S                                      Southern Finance, LLC,

_____                         _____
(Print Name)                                       (Printed Name of Creditor)
*Jessica Scarbrough*

_____                         811-C Delawnre Ave. Hfburb, MS 39048
(Signature)                                        (Address of Creditor)
Date: _____03 / 20 / 2026_____

                                                   _____
                                                   (Signature)

Co-borrower, if also reaffirming these debts:      UMKiA Johns - Branch Manager

_____                         (Printed Name and Title of Individual
(Print Name)                                       Signing for Creditor)

_____                         Date of creditor acceptance:
(Signature)                                        4-08-26

Date: _____

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                      7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____ **Thomas C. Rollins, Jr.** _____

Signature of Debtor's Attorney: _____ Thomas C. Rollins, Jr. _____
                                                        **/s/ Thomas C. Rollins, Jr.**

Date: __**03/31/2026**__

B2400A/B ALT (Form 2400A/B ALT) (12/15)                    **8**

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

      1.  I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 3,988.72 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 3,963.50 , leaving $ 25.22 to make the required payments on this reaffirmed debt.

      I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____

_____

_____ .

### (Use an additional page if needed for a full explanation.)

      2.  I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed:     *Jessica Scarbrough*
           _____
           (Debtor)

           _____
Date:   (Joint Debtor, if any) 03 / 20 / 2026

                      *— Or —*

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

      3.  I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
          (Debtor)

       _____
       (Joint Debtor, if any)
Date: _____

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                              9

## PART E: MOTION FOR COURT APPROVAL

*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

        ☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

        ☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: _____
       (Debtor)

       _____
       (Joint Debtor, if any)

Date:   _____

Doc ID: 01aa8072475c667fb89683130f8f0fd31cde02f0

## DISCLOSURE STATEMENT, PROMISSORY NOTE AND SECURITY AGREEMENT

**LENDER - SECURED PARTY**

SOUTHERN FINANCE, LLC
811-C DELAWARE AVE
McCOMB, MS 39648

DATE OF LOAN
08/01/25

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate | Total of Payments The amount I will have paid after I have made all payments as scheduled | FINANCE CHARGE The dollar amount the credit will cost me | Amount Financed The amount of credit provided to me or on my behalf |
|---|---|---|---|
| 41.46 % | $ 3,726.00 | $1,029.05 | $ 2,696.95 |

**MY PAYMENT SCHEDULE WILL BE:** Monthly

| Number of Payments | Amount of First Payment | First Payment Due Date | Amount of Other Payments | Last Payment Due Date |
|---|---|---|---|---|
| 18 | $ 207.00 | 09/15/25 | $ 207.00 | 02/15/27 |
| | | | PROPERTY INS 223.62 | AUTO INS |

**Security:** I am giving you a security interest in:

[X] Household Goods     Motor Vehicle     Goods or Property being purchased

Real Estate     [X] Contract or security interest other loan may also secure this loan

Other (describe)     This loan is unsecured

**Late Charge:** X If payment is more than 15 days late, I will be charged $ 5.00 or 4.00 % of the delinquent amount, whichever is greater, but not to exceed $ 50.00

**Prepayment:** [X] If I pay off early, I may be entitled to a refund of part of the finance charge.

If I pay off early, I may have to pay a penalty.

I must see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

**NAMES AND ADDRESSES OF ALL BORROWERS:**
JESSICA SCARBROUGH

| | S.S. NO | AGE |
|---|---|---|
| | DOB | |
| | S.S. NO | AGE |
| | DOB | |
| | DOB | |

**ITEMIZATION OF THE AMOUNT FINANCED OF**   $ 2,845.99

**AMOUNT PAID TO OTHERS ON MY BEHALF**

To Credit Life Ins. Premium

[X] Level     Decreasing

| [X] Single   Joint | $ | 120.41 |
|---|---|---|

To Credit Disability Ins. Premium   $   141.59

[X] 14 Day   30 Day   [X] Retro   Non-Retro

To Property Insurance Premium

| Single Int [X] Dual Int | $ | 223.62 |
|---|---|---|
| Single Int Auto | $ | |

To Public Officials   $   9.00

To Title Search   $

To Liberty Motor Club   $   120.00

To SOUTHERN FINANCE   $   651.34

To Other Creditors   $   0.00

$   0.00

$   0.00

$   0.00

**TOTAL PAID TO OTHERS**   $   1,265.96

Balance on Former Account

LESS   No   007783   $   1,080.00

REFUNDS   Finance Charge   $   89.68

Credit Life Ins   $   26.04

Disability Ins   $   15.96

Property Insurance   $   21.16

S.I. Auto Ins   $   0.00

Net Balance   $   927.16

Amount Paid On My Account   $   927.16

Amount Given To Me Directly   $   503.83

Prepaid Finance Charge (Closing Fee)   $   149.04

State Interest Charge   $   880.01

The Loan Contract Rate is  34.18  % per annum

I may obtain required property insurance from anyone I want that is acceptable to you. If I obtain insurance from you the cost will be as follows:

Single Int  Auto  for a term of   mos. $

Single/Dual Int  Prop  for a term of  18  mos. $   223.62

(Borrower(s) Initial appropriate box)

I want Single Interest Property Insurance

JS   I want Dual Interest Property Insurance

I/We warrant that the value of the collateral on this transaction is   $   4,650.00

**Insurance:** Credit life insurance and credit disability insurance are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost. Insurance, if provided, is for the term of the contract.

| TYPE | PREMIUM | SIGNATURE |
|---|---|---|
| Single Credit Life [X] Level | $ 120.41 | I do / do not want Single Credit Life Insurance |
| Decreasing | | SIGNATURE |
| Joint Credit Life Level | $ | We / do / do not want Joint Credit Life Insurance |
| Decreasing | | SIGNATURE     SIGNATURE |
| Credit Disability | $ 141.59 | I do / do not want Credit Disability Insurance |
| | | SIGNATURE _(Jessica Scarbrough)_ |

As stated above "I", "Me", or "My" means all Borrowers, and "You" means the Lender named above.

## PROMISSORY NOTE

FOR VALUE RECEIVED: Borrower promises to pay to the order of Lender named above, at its office, and subject to the terms hereof the Total of Payments as stated above in consecutive monthly installments as stated as beginning on the due date for the first payment stated above and continuing on the same day of each succeeding month thereafter until fully paid. No extension, renewal, or other indulgence by the Lender shall release the Borrower. Borrower waives protest. Borrower includes all persons signing below, each of whom shall be jointly and severally liable hereon. All provisions set out above are incorporated in this Note by reference as though fully set out herein. Borrower agrees to pay a closing fee as follows:

a. For loans in the amount of Ten Thousand Dollars ($10,000.00) or less, four percent (4%) of the total payments due on the loan or Twenty-Five Dollars ($25.00), whichever is greater.

b. For loans in an amount greater than Ten Thousand Dollars ($10,000.00), a maximum charge of Five Hundred Dollars ($500.00).

REBATE FOR PREPAYMENT: Prepayment may be made in full or in part at any time. If this loan is prepaid in full, Borrower will receive a refund of the unearned portion of the Finance Charge (less Prepaid Finance Charge) calculated in accordance with the rule of 78's based upon months prepaid determined as described hereafter. The number of months and days used from the date the loan was made to the date of prepayment plus 20 days will be the number of months and days earned. If the days earned in excess of whole months total 15 or less, they shall be disregarded. If the days earned in excess of whole months total 16 or more they shall be considered an additional month earned. No rebate less than $1.00 is required. The Finance Charge for the purposes of the Mississippi Code is the Finance Charge disclosed above less the amount shown as Prepaid Finance Charge.

APPLIES TO SECTION 12 REAL ESTATE LOANS ONLY: If prepayment is a result of refinancing, the finance charge will be computed using the actuarial method. If the within named customer's debt ratio (income to monthly payment) exceeds 50% on the date of this loan, no prepayment penalty will be collected and the finance charge refunded will be computed using the actuarial method.

PREPAYMENT PENALTY: If this loan is secured by a Deed of Trust on real Property, and is prepaid during the first year the penalty for prepayment shall be 5% of the unpaid principal balance. If prepaid during the second year the penalty shall be 4% of the unpaid principal balance. If prepaid during the third year the penalty shall be 3% of the unpaid principal balance. If prepaid during the fourth year the penalty shall be 2% of the unpaid principal balance. If prepaid during the fifth year the penalty shall be 1% of the unpaid principal balance. If the within named customer's debt ratio (income to monthly payments) exceeds 50% on the date of this loan, no prepayment penalty will be collected and the finance charge refund will be computed using the actuarial method.

LATE CHARGES: In the event that an installment or portion thereof, continues unpaid for more than 15 days following the date said payment is due the Lender shall collect a default charge of $ 5.00 or 4.00 % of the delinquent amount, whichever is greater but not to exceed $ 50.00.

If Lender receives a check, draft, negotiable order of withdrawal or like instrument drawn on a bank or other depository institution given by Borrower in full or partial repayment of this loan, Lender may, if such instrument is not paid or is dishonored by such institution, charge and collect from the Borrower a bad check charge in an amount equal to the actual charge made to the Lender by the depository institution for the return of the unpaid or dishonored instrument, but in no event to exceed the sum of Fifteen Dollars ($15.00). This charge shall not be deemed interest, finance charge, or other charge made as an incident to or as a condition to the grant of this loan and shall not be included in determining the limit on charges which may be made in connection with this loan.

BORROWER UNDERSTANDS AND AGREES THAT ALL OF THE ADDITIONAL TERMS ON THE REVERSE SIDE HEREOF ARE A PART HEREOF IF FULLY SET FORTH AT THIS POINT.

Borrower authorizes the deductions listed above and acknowledges receipt of the amount paid to him directly and refunds stated above, together with an exact copy of this instrument completely filled in prior to execution.

WITNESS

Signature of Borrower _(Jessica Scarbrough)_

Signature of Borrower

Signature of Borrower

--Original--
PAGE 1 OF 2

Doc ID: 01ca8072475c667fb89683130f8f0fd31cde02f0

DEFERRAL CHARGE - The Lender and the Borrower may [illegible] hereto agree to a deferral of all or part of one or more installments, and the Borrower agrees to pay a deferral charge calculated by applying the above Loan Contract Rate to one amount deferred for the deferment period without regard to discrepancies in the lengths of months, but proportionately for a part of a month, counting each day as one-thirtieth (30th) of a month. A deferral charge is earned pro rata during the deferment period and is fully earned on the last day of the deferment period. [illegible] such deferral. If no more than two (2) deferrals may be made, or agreed to be made, in any two consecutive month period.

DEFAULT, ACCELERATION AND POST-MATURITY INTEREST - Upon default by Borrower (1) Lender may (i) bring suit for the delinquent payments without accelerating the remaining balance and/or (ii) with or without notice to Borrower, declare the remaining balance immediately due and payable, less any rebate of unearned Finance Charges as provided hereabove; and (2) Borrower shall pay all of Lender's advances, fees and Lender's legal expenses, whether or not there is a lawsuit, including attorney's fees for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and actions to object to discharge and/or dischargeability) and appeals. After contractual maturity, or after default and acceleration, Borrower shall pay Lender interest on the delinquent amount at the loan contract rate per annum.

Borrower shall be in default upon (1) Failure to pay any payment in full when due; (2) Failure to perform any agreement herein; (3) Any representation made or furnished to Lender by Borrower proves to have been false in any material respect; (4) Loss, theft, substantial damage, destruction, sale or encumbrance to or of the Collateral, or the making of any levy, seizure or attachment thereof or thereon; (5) Death; (6) Lender reasonably deems itself insecure; (7) Failure to perform any agreement or covenant contained in the Deed of Trust.

## ARBITRATION AGREEMENT

The parties have this day entered into a separate arbitration agreement which affects certain rights of the Borrower which is incorporated herein by reference and made a part hereof as if fully copied herein.

## SECURITY AGREEMENT

Borrowers grant to the Lender a security interest under the Uniform Commercial Code of Mississippi in the goods described below, all of which shall hereinafter be referred to as "Collateral," as security for the payment of the Promissory Note executed herein, this date, in an amount equal to the Total Payments as shown above. This Security Agreement shall secure the Lender against all liability or loss on the Promissory Note mentioned above.

No waiver by Lender of any default shall operate as a waiver of any other default or of the same default on a future occasion.

| YEAR | MAKE | VIN | NEW/USED | MODEL | BODY TYPE |
|------|------|-----|----------|-------|-----------|
|      |      |     |          |       |           |

SEE ATTACHED SCHEDULE A

### ADDITIONAL TERMS AND CONDITIONS OF THE SECURITY AGREEMENT

Upon default, Lender may declare all Obligations secured hereby immediately due and payable and shall have the rights and remedies of a secured party under the Uniform Commercial Code of Mississippi. Lender may enter the Borrower's premises to retake possession of Collateral. Unless the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Lender will give Borrower reasonable notice of the time and place of public sale thereof or of the time after which any private sale or any intended disposition thereof is to be made. The requirements of reasonable notice shall be met if such notice is mailed, postage prepaid, to the address of Borrower as shown on the reverse hereof at least five days before the time of sale or disposition. Borrower shall pay Lender for all the expenses of retaking, holding, preparing for sale, selling or the like, including Lender's reasonable attorney's fees and legal expenses.

Borrower warrants that (1) Collateral will be kept at the address of the Borrower as set forth on the reverse hereof, and the Borrower will not remove the Collateral from said address without the prior written consent of the Lender; (2) Borrower is the owner of the collateral free from any other adverse lien, security interest or encumbrance; (3) Borrower, will not sell, exchange, lease or otherwise dispose of any of the Collateral without prior written consent of the Lender; (4) Borrower will maintain insurance at all times with respect to all Collateral against any substantial risk of loss, damage or destruction as the Lender may require, so long as the amount is not in excess of the amount of the Obligation; such insurance shall be payable to the Lender and the Borrower as their interest may appear; all policies of insurance shall provide for 10 days' written minimum cancellation notice to Lender and Lender is hereby authorized and empowered to act as attorney-in-fact for the Borrower in obtaining, adjusting, settling and cancelling such insurance and endorsing any drafts issued in connection therewith; (5) Borrower will keep the Collateral free from adverse lien, security interest or encumbrance and will not waste or destroy the Collateral or any part thereof; (6) Lender may examine and inspect the Collateral at any time, wherever located; (7) Borrower will not permit the Collateral to be attached to real estate, or become an accession to other goods without prior written consent of the Lender; (8) If the Collateral is attached to real estate or affixed to other goods prior to the perfection of the security interest granted hereby, Borrower will on demand of Lender furnish the Lender with a disclaimer or disclaimers, signed by all persons having an interest in the real estate, or any interest in the Collateral which is prior to Lender's interest.

At its option, Lender may discharge taxes, liens or security interests or other encumbrances at any time levied or placed on the Collateral, pay for insurance on the Collateral and pay for the maintenance and preservation of the Collateral. Borrowers agree to reimburse Lender on demand for any payment made, or any expense incurred by the Lender.

Initial of Borrower    $5/1/25$   Date

Initial of Borrower    Date

Initial of Borrower    Date

---

The following Notice is applicable to this consumer credit transaction only if an "X" appears in the foregoing box and Lender has signed at the right

**LENDER**

BY

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

I the undersigned, in consideration of granting of the loan hereunder to the Borrower named on the other side hereof and not for the purpose of being obligated to repay such loan, hereby grant to the Lender a security interest in the property described on the other side hereof, and all proceeds thereof, in accordance with all the terms and conditions of the Security Agreement herein.

Witness      Signature      Date

02/03/26 9:54 AM

**SOUTHERN FINANCE, LLC.**
*811-C DELAWARE AVE. McCOMB, MS 39648*
**Payoff –          JESSICA SCARBROUGH**

Page 1 Of 1

| | |
|---|---|
| Rebate Date | 01/26/26 |
| Balance | 3,312.00 |

**Charges**

| | |
|---|---|
| Late Payment for 10-2025 | 8.28 |
| Late Payment for 11-2025 | 8.28 |
| Late Payment for 12-2025 | 8.28 |
| Principal - Rebates | 2,910.59 |
| Total | 2,935.43 |

**Rebates**

| | |
|---|---|
| Interest Rebate | 401.41 |
| Life Insurance | 0.00 |
| Property Insurance | 0.00 |
| A&H Insurance | 0.00 |
| Total | 401.41 |

| | |
|---|---|
| Total Charges | 2,935.43 |
| Total Rebates | -401.41 |
| Payoff Amount | 2,935.43 |

Doc ID: 01ca8072475c667fb89683130f8f0fd31cde02f0

**250270761**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

File Number: 20254635671A
Date Filed: 8/1/2025 12:48:00 PM
**Michael Watson**
**Secretary of State**

A. NAME & PHONE OF CONTACT AT FILER (optional)
**Umekia Johns**     **(601) 249-1004**

B. EMAIL CONTACT AT FILER (optional)
**umekiamj@yahoo.com**

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

**Southern Finance LLC**
**811-C Delaware Ave**
**McComb, MS 39648**

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor Name (1a or 1b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION NAME | | | |
|---|---|---|---|
| **1b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| **SCARBROUGH** | **JESSICA** | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **811C DELAWARE AVE** | **MCCOMB** | **MS** | **39648** | **USA** |

2. DEBTOR'S NAME: Provide only one Debtor Name (2a or 2b)(use exact, full name; do not omit, modify or abbreviate any part of the Debtor's Name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION NAME | | | |
|---|---|---|---|
| **SOUTHERN FINANCE,LLC.** | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| **811C DELAWARE AVE** | **MCCOMB** | **MS** | **39648** | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:

APPLE IPAD, TCL 50IN FLATSCREEN TV, 2ND 50IN RCL FLATSCREEN TV, HP LAPTOP, ROKU 43IN SMART FLATSCREEN TV (EXEMPT), LADIES WHITE GOLD 1.5CT DIAMOND CUT RING WITH DIAMONDS ON THE SIDE (NOT WEDDING RING), LENOVO 43IN FLATSCREEN TV, LADIES WHITE GOLD BAND STYLE RING (NOT A WEDDING RING), LADIES GOLD INVICTA WATCH WITH DIAMOND PLATED FACE, LADIES INVICTA GOLD WATCH WITH WHITE FACE, LADIES INVICTA ROSE GOLD WATCH, LADIES SILVER INVICTA WATCH, 14KT GOLD ROPE NECKLACE WITH "J" GOLD PENDANT, 14KT GOLD ROPE NECKLACE WITH "B" INITIAL, 14KT GOLD ROPE NECKLACE WITH "S" INITIAL CHARM

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable) ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA

FILING OFFICE COPY - UCC FINANCING STATEMENT (Form UCC1)(Rev 08/23/11)

Doc ID: 01ca8072475c667fb89683130f8f0fd31cde02f0